**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

_____

|  |  |  |
|---|---|---|
| | ) | |
| IN RE: | ) | **MDL NO. 2753** |
| | ) | |
| **ATRIUM MEDICAL CORP. C-QUR MESH** | ) | |
| **PRODUCTS LIABILITY LITIGATION** | ) | **MDL Docket No.** |
| | ) | **1:16-md-02753-LM** |
| | ) | **ALL CASES** |
| | ) | |

_____

### MASTER ANSWER AND JURY DEMAND OF DEFENDANT
### MAQUET CARDIOVASCULAR US SALES, LLC TO MASTER COMPLAINT

Defendant Maquet Cardiovascular US Sales, LLC ("MCV US Sales" or "Defendant"), by and through its undersigned counsel, hereby responds to Plaintiffs' Master Long Form Complaint and Jury Demand ("Complaint") as follows:

### PARTIES, JURISDICTION & VENUE

### PLAINTIFFS

1.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged, which are therefore denied.

### DEFENDANTS

1.  Paragraph 1 contains allegations not directed to MCV US Sales to which no response is required. To the extent a response is required, MCV US Sales admits that Atrium Medical Corporation ("Atrium") is incorporated under the laws of Delaware, and that until February/March 2015, its manufacturing and support facilities were located in Hudson, NH. MCV US Sales further admits that Atrium is a medical device company involved in the research, development, testing, manufacture, production, marketing, promotion and/or sale of medical

1

devices including C-QUR Mesh (hereinafter "C-QUR" or "product" or "mesh"), and denies the remaining allegations set forth in Paragraph 1.

2. MCV US Sales admits that it is a limited liability company organized under the laws of New Jersey, with its principal place of business located at 45 Barbour Pond Drive, Wayne, NJ 07470, and denies the remaining allegations set forth in Paragraph 2.

3. Paragraph 3 contains allegations not directed to MCV US Sales to which no response is required. To the extent a response is required, MCV US Sales admits that Getinge AB ("Getinge") is a Swedish corporation, organized under the laws of Sweden with its principal place of business in Sweden, and that it is an indirect, wholly-owned subsidiary of Getinge AB.

4. Paragraph 4 contains allegations not directed to MCV US Sales to which no response is required. To the extent a response is required, MCV US Sales admits that Getinge was a holding company until 2016, and denies the remaining allegations set forth in Paragraph 4.

5. Denied.

6. Paragraph 6 contains allegations not directed to MCV US Sales to which no response is required. To the extent a response is required, MCV US Sales admits that in 2011 Getinge indirectly acquired Atrium in a merger, and denies the remaining allegations set forth in Paragraph 6.

7. Paragraph 7 contains allegations not directed to MCV US Sales to which no response is required. To the extent a response is required, MCV US Sales admits since 2015, Atrium has operated as a division/business unit of Getinge, and denies the remaining allegations set forth in Paragraph 7.

8. Denied.

9. Denied.

10. Paragraph 10 contains allegations not directed to MCV US Sales to which no response is required. To the extent a response is required, MCV US Sales admits Getinge is Atrium's ultimate, indirect parent company, as Getinge owns 100% of Atrium's shares through various subsidiaries. MCV US Sales further admits that since 2013, it has sold Atrium's C-QUR mesh product line. MCV US Sales also admits that the website www.maquet.com lists the C-QUR mesh product line under the "biosurgery" products. MCV US Sales denies the remaining allegations set forth in Paragraph 10.

11. MCV US Sales admits that Atrium's website, http://www.atriummed.com, states that "Atrium is now part of Maquet Getinge Group," and that there exists an October 3, 2011 press release found on the website entitled "Atrium Medical Agrees to be Acquired by Getinge Group for $680 Million."

12. Denied.

13. MCV US Sales admits that the C-QUR mesh products are offered on the Maquet website www.maquet.com, and that the "Contact Us" page of the www.maquet.com website states that the contact is "Vascular Systems (formerly Atrium Medical)." MCV US Sales lacks knowledge or information sufficient to form a belief as to the truth of the matter concerning what other "publicly-available information" allegedly exists, which is therefore denied. MCV US Sales denies the remaining allegations set forth in Paragraph 13.

14. MCV US Sales admits that Atrium's assets and capital are subject to the indirect ownership of Getinge through Getinge's function of owning 100% of the shares of Atrium through other various subsidiaries. MCV US Sales denies the remaining allegations set forth in Paragraph 14.

15. MCV US Sales admits that since 2013, it has been responsible for the marketing, promotion, distribution, and sale of the C-QUR mesh product line. MCV US Sales denies the remaining allegations set forth in Paragraph 15.

16. Denied.

17. Denied.

18. MCV US Sales admits that from 2013 through the present, it has marketed, sold, and distributed a line of C-QUR hernia mesh products, which were designed for use in hernia repair, chest wall reconstruction, traumatic or surgical wounds, and other fascial surgical intervention procedures requiring reinforcement with a non-absorbable supportive material. MCV US Sales also admits that the C-QUR mesh product line shares the common characteristic of having an all natural Omega 3 gel coating that is derived from highly purified pharmaceutical grade fish oil. MCV US Sales further admits that the C-QUR Mesh products were cleared for sale by the FDA pursuant to Section 510(k) of the Food, Drug and Cosmetic Act, and denies the remaining allegations set forth in Paragraph 18.

19. MCV US Sales lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged, insofar as the phrase "similar purposes" is undefined, which are therefore denied.

<u>**VENUE AND JURISDICTION**</u>

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged, which are therefore denied.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged, which are therefore denied.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged, which are therefore denied.

23. Denied.

24. MCV US Sales admits that it conducts business in the State of New Hampshire and denies the remaining allegations set forth in Paragraph 24.

25. MCV US Sales admits that since 2013, it has conducted business in the State of New Hampshire. MCV US Sales denies the remaining allegations set forth in Paragraph 25.

26. Denied.

## FACTUAL BACKGROUND

27. MCV US Sales admits that from 2013 through the present, it marketed, sold, and distributed C-QUR Mesh, and denies the remaining allegations set for in Paragraph 27.

28. Denied.

29. MCV US Sales admits that from 2013 through the present, it was responsible for the promotion, marketing, sell, and distribution of C-QUR Mesh, and denies the remaining allegations set for in Paragraph 29.

30. MCV US Sales admits that among the intended purposes for which Atrium designed, manufactured, marketed, and sold, and MCV US Sales marketed and sold C-QUR Mesh was for use in hernia repair, chest wall reconstruction, traumatic or surgical wounds, and other fascial surgical intervention procedures requiring reinforcement with a non-absorbable supportive material. MCV US Sales lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 30, which are therefore denied.

31. MCV US Sales admits that Atrium intended that the polypropylene based mesh be for permanent implantation in the human body, but the all natural Omega 3 gel coating is not designed to be permanent, and therefore denies the allegation set forth in Paragraph 31.

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged, which are therefore denied.

33. Denied.

34. Denied.

35. MCV US Sales admits Atrium manufactured the C-QUR Mesh from polypropylene, and the C-QUR Mesh has an all natural Omega 3 gel coating that is derived from highly purified pharmaceutical grade fish oil consisting of a unique blend of triglycerides and Omega 3 fatty acids. MCV US Sales lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 35, which are therefore denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. MCV US Sales admits that from 2013 through the present it marketed and sold C-QUR Mesh to the medical community, but denies the remaining allegations set forth in Paragraph 57.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. MCV US Sales admits that it markets C-QUR Mesh to the medical community as safe, effective, and reliable, but denies the remaining allegations set forth in Paragraph 62.

63. MCV US Sales lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged, which are therefore denied.

64. MCV US Sales lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged, which are therefore denied.

65. MCV US Sales lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged, which are therefore denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

## ESTOPPEL AND TOLLING OF STATUTE OF LIMITATIONS

73. Denied.

74. Denied.

## COUNT I: NEGLIGENCE

75. Defendant incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

76. Defendant admits only those duties imposed by law and specifically denies that it had any duty to recruit or train physicians.

77. Denied.

78. Defendant denies the allegations set forth in Paragraph 78 and its subparts (a)-(e).

79. Defendant denies the allegations set forth in Paragraph 79 and its subparts (a)-(d).

80. Defendant denies the allegations set forth in Paragraph 80 and its subparts (a)-(r).

81. Denied.

82. Denied.

83. Denied.

84. Denied.

Defendant denies that Plaintiffs are entitled to the relief requested in the "PRAYER" and/or the "WHEREFORE" clause following Paragraph 84, or to any relief whatsoever.

## COUNT II: STRICT LIABILITY – DESIGN DEFECT

85. Defendant incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

86. Denied.

87. Denied.

88. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged, which are therefore denied.

89. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged, which are therefore denied.

90. Denied.

91. Defendant denies the allegations set forth in Paragraph 91 and its subparts (a)-(d).

92. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged, which are therefore denied.

93. Denied.

94. Denied.

95. MCV US Sales admits that Atrium intended the all natural Omega 3 gel coating to be absorbed into the body, and denies the remaining allegations set forth in Paragraph 95.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100.     Denied.

101.     Denied.

102.     Denied.

103.     Denied.

Defendant denies that Plaintiffs are entitled to the relief requested in the "PRAYER" and/or the "WHEREFORE" clause following Paragraph 103, or to any relief whatsoever.

## COUNT III: STRICT LIABILITY – MANUFACTURING DEFECT

104.     Defendant incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

105.     Denied.

106.     Denied.

107.     Denied.

108.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged, which are therefore denied.

109.     Denied.

110.     Denied.

111.     Denied.

112.     Denied.

113.     Denied.

Defendant denies that Plaintiffs are entitled to the relief requested in the "PRAYER" and/or the "WHEREFORE" clause following Paragraph 113, or to any relief whatsoever.

## COUNT IV: STRICT LIABILITY – FAILURE TO WARN

114.        Defendant incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

115.        MCV US Sales admits that from 2013 through the present, it marketed, sold, promoted, and distributed C-QUR Mesh, and denies the remaining allegations set forth in Paragraph 115.

116.        Defendant denies the allegations set forth in Paragraph 116 and its subparts (a)-(u).

117.        Denied.

118.        Denied.

119.        Denied.

120.        Denied.

121.        Denied.

122.        Denied.

123.        Denied.

124.        Denied.

125.        Denied.

126.        Denied.

127.        Denied.

128.        Denied.

129.        Denied.

Defendant denies that Plaintiffs are entitled to the relief requested in the "PRAYER" and/or the "WHEREFORE" clause following Paragraph 129, or to any relief whatsoever.

## COUNT V: STRICT LIABILITY – DEFECTIVE PRODUCT

130.　　Defendant incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

131.　　Denied.

132.　　Denied.

133.　　Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged, which are therefore denied.

134.　　Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged, which are therefore denied.

135.　　Denied.

Defendant denies that Plaintiffs are entitled to the relief requested in the "PRAYER" and/or the "WHEREFORE" clause following Paragraph 135, or to any relief whatsoever.

## COUNT VI: BREACH OF EXPRESS WARRANTY

136.　　Defendant incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

137.　　MCV US Sales admits that from 2013 through the present, it marketed, sold, promoted, and distributed C-QUR Mesh, and denies the remaining allegations set forth in Paragraph 137.

138.　　Denied.

139.　　Denied.

140.　　Denied.

141.　　Denied.

142.     Defendant denies the allegations set forth in Paragraph 142 and its subparts (A)-(C).

143.     Denied.

144.     Denied.

145.     Denied.

Defendant denies that Plaintiffs are entitled to the relief requested in the "PRAYER" and/or the "WHEREFORE" clause following Paragraph 145, or to any relief whatsoever.

## COUNT VII: BREACH OF IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS OF PURPOSE

146.     Defendant incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

147.     MCV US Sales admits that from 2013 through the present, it marketed, sold, promoted, and distributed C-QUR Mesh, and denies the remaining allegations set forth in Paragraph 147.

148.     Denied.

149.     Denied.

150.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged, which are therefore denied.

151.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged, which are therefore denied.

152.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged, which are therefore denied.

153.     Defendant denies the allegations set forth in Paragraph 153 and its subparts (A)-(C).

154.     Denied.

155.     Denied.

156.     Denied.

157.     Denied.

158.     Denied.

159.     Denied.

Defendant denies that Plaintiffs are entitled to the relief requested in the "PRAYER" and/or the "WHEREFORE" clause following Paragraph 159, or to any relief whatsoever.

## COUNT VIII: FRAUDULENT CONCEALMENT

160.     Defendant incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

161.     Denied.

162.     Denied.

163.     Denied.

164.     Defendant denies the allegations set forth in Paragraph 164 and its subparts (a)-(c).

165.     Denied.

166.     Denied.

167.     Denied.

168.     Denied.

169.     Denied.

Defendant denies that Plaintiffs are entitled to the relief requested in the "PRAYER" and/or the "WHEREFORE" clause following Paragraph 169, or to any relief whatsoever.

## COUNT VIX: CONSTRUCTIVE FRAUD

170.     Defendant incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

171.     Denied.

172.     Denied.

173.     Denied.

174.     Denied.

175.     Denied.

176.     Denied.

Defendant denies that Plaintiffs are entitled to the relief requested in the "PRAYER" and/or the "WHEREFORE" clause following Paragraph 176, or to any relief whatsoever.

## COUNT X: DISCOVERY RULE, TOLLING, AND FRAUDULENT CONCEALMENT

177.     Defendant incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

178.     Defendant acknowledges that Plaintiffs desire to assert "state statutory and common law rights and theories," but denies that Plaintiffs are entitled to toll or extend any applicable statute of limitations.

179.     Denied.

180.     Denied.

181.     Denied.

## COUNT XI: NEGLIGENT MISREPRESENTATION

182.     Defendant incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

183.     Denied.

184.     Denied.

185.     Denied.

186.     Denied.

187.     Denied.

Defendant denies that Plaintiffs are entitled to the relief requested in the "PRAYER" and/or the "WHEREFORE" clause following Paragraph 187, or to any relief whatsoever.

## COUNT XII: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

188.     Defendant incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

189.     Denied.

190.     Denied.

191.     Denied.

192.     Denied.

193.     Denied.

194.     Denied.

Defendant denies that Plaintiffs are entitled to the relief requested in the "PRAYER" and/or the "WHEREFORE" clause following Paragraph 194, or to any relief whatsoever.

## COUNT XIII: VIOLATION OF CONSUMER PROTECTION LAWS

195.     Defendant incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

196.     Denied.

197.     Denied.

198.     Defendant denies the allegations set forth in Paragraph 198 and its subparts (a)-(c).

199.     Denied.

200.     Defendant denies that it has a duty to the Plaintiffs themselves.

201.     Denied.

202.     Denied.

203.     Denied.

204.     Denied.

205.     Denied.

206.     Denied.

207.     Denied.

208.     Denied.

209.     Denied.

210.     Denied.

211.     Denied.

212.     Denied.

Defendant denies that Plaintiffs are entitled to the relief requested in the "PRAYER" and/or the "WHEREFORE" clause following Paragraph 212, or to any relief whatsoever.

## COUNT XIV: GROSS NEGLIGENCE

213.     Defendant incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

214.     Denied.

215.     Denied.

216.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged, which are therefore denied.

217.     Denied.

Defendant denies that Plaintiffs are entitled to the relief requested in the "PRAYER" and/or the "WHEREFORE" clause following Paragraph 217, or to any relief whatsoever.

## COUNT XV: UNJUST ENRICHMENT

218.     Defendant incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

219.     MCV US Sales admits that from 2013 through the present, it sold C-QUR Mesh, and denies the remaining allegations set forth in Paragraph 219.

220.     Denied.

221.     Denied.

222.     Denied.

223.     Denied.

Defendant denies that Plaintiffs are entitled to the relief requested in the "PRAYER" and/or the "WHEREFORE" clause following Paragraph 223, or to any relief whatsoever.

## COUNT XVI: LOSS OF CONSORTIUM

224.     Defendant incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

225.     Denied.

Defendant denies that Plaintiffs are entitled to the relief requested in the "PRAYER" and/or the "WHEREFORE" clause following Paragraph 225, or to any relief whatsoever.

## COUNT XVII: PUNITIVE OR ENHANCED COMPENSATORY DAMAGES

226. Defendant incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

227. Denied.

228. Denied.

229. Denied.

230. Denied.

231. Denied.

232. Denied.

233. Denied.

234. Denied.

235. Denied.

236. Denied.

237. Denied.

238. Denied.

239. Denied.

Defendant denies that Plaintiffs are entitled to the relief requested in the "PRAYER" and/or the "WHEREFORE" clause following Paragraph 239, including its subparts (i)-(x), or to any relief whatsoever.

## PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to the relief enumerated in the "PRAYER FOR RELIEF", or to any relief whatsoever.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant demands a trial by jury on all issues so triable.

## STATEMENT OF AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Court lacks personal jurisdiction over MCV US Sales.

### SECOND DEFENSE

The Complaint fails to state a claim or claims upon which relief can be granted.

### THIRD DEFENSE

The Plaintiffs' claims are barred by the applicable statute of limitations and/or statute of repose.

### FOURTH DEFENSE

If the Plaintiffs have been damaged, which the Defendant denies, any recovery by the Plaintiffs are barred to the extent Plaintiffs voluntarily exposed themselves to a known risk and/or failed to mitigate their alleged damages. To the extent the Plaintiffs have failed to mitigate their alleged damages, any recovery shall not include alleged damages that could have been avoided by reasonable care and diligence.

### FIFTH DEFENSE

The injuries and damages allegedly sustained by the Plaintiffs may be due to the operation of nature or idiosyncratic reaction(s) and/or pre-existing condition(s) in the Plaintiffs over which Defendant had no control or knowledge.

## SIXTH DEFENSE

The Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel and/or regulatory compliance.

## SEVENTH DEFENSE

There was no causal connection between any alleged defect in the product at issue and Plaintiffs' alleged damages; thus, Plaintiffs are not entitled to recover against Defendant in this cause.

## EIGHTH DEFENSE

If the Plaintiffs have been damaged, which the Defendant denies, such damages were caused by the negligence or fault of the Plaintiffs.

## NINTH DEFENSE

If the Plaintiffs suffered any damages or injuries, which Defendant denies, the Plaintiffs' recovery is barred, in whole or in part, or subject to reduction under the doctrines of contributory and/or comparative negligence and/or last clear chance or assumption of the risk.

## TENTH DEFENSE

Recovery against the Defendant, if any, should be reduced in proportion to the degree or percentage of negligence, fault or exposure to products attributable to the Plaintiff or any other party or non-party to this case, including any party immune because bankruptcy renders them immune from further litigation, as well as any parties or non-parties with whom the Plaintiff has settled or may settle in the future under the law of all states that allow such a reduction. *See, e.g., DeBenedetto v. CLD Consulting Engineers, Inc.*, 153 N.H. 793 (2006); *Nilsson v. Bierman*, 150 N.H. 393 (2003).

## ELEVENTH DEFENSE

If the Plaintiffs have been damaged, which the Defendant denies, such damages were caused by unforeseeable, independent, intervening, and/or superseding events for which the Defendant is not legally responsible.

## TWELFTH DEFENSE

If the Plaintiffs have been damaged, which the Defendant denies, such damages were caused by abuse, misuse, user error and/or modification, alteration or other substantial change of the product at issue for which the Defendant was and is in no way liable.

## THIRTEENTH DEFENSE

The Plaintiffs' failure to warn claims are barred by virtue of the intervention of the learned intermediary or intermediaries to whom the Defendant discharged its duties to warn. At all relevant times herein, the Plaintiff's prescribing physicians were in the position of learned intermediaries and/or sophisticated purchasers.

## FOURTEENTH DEFENSE

The subject product at all times conformed with the Federal Food, Drug and Cosmetic Act and other pertinent federal statute and regulations.  Accordingly, the Plaintiffs' claims are barred, in whole or in part, under the doctrine of federal preemption, and granting the relief requested would impermissibly infringe upon and conflict with federal laws, regulations and policies in violation of the Supremacy Clause of the United States Constitution.

## FIFTEENTH DEFENSE

The product at issue is neither defective nor unreasonably dangerous because the product is a medical device falling within what is commonly known as Comments (j) and (k), Restatement (Second) of Torts § 402A, and comparable provisions of the Restatement (Third) of

Torts (Products Liability), in that the product at issue was, at all times material to the Complaint, reasonably safe and reasonably fit for its intended use, and the warnings and instructions accompanying the product at the time of the occurrence or injuries alleged by the Plaintiffs were legally adequate.

## SIXTEENTH DEFENSE

The Plaintiffs' claims are barred because the methods, standards, warnings, and instructions used in manufacturing and/or marketing the product at issue conformed with the generally recognized, reasonably available, and reliable state of knowledge when the product was manufactured and marketed.

## SEVENTEENTH DEFENSE

The Plaintiffs' claims are barred, in whole or in part, because at all relevant times, the Defendant complied with all applicable laws and regulations.

## EIGHTEENTH DEFENSE

MCV US Sales asserts that Plaintiff's claims are barred by any applicable safe harbor doctrine to the extent that federal law permits the packaging, labeling and marketing practices alleged in the Complaint.

## NINETEENTH DEFENSE

To the extent the Plaintiff's claims are based on alleged misrepresentations made to the FDA, such claims are barred pursuant to *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341 (2001).

## TWENTIETH DEFENSE

The Complaint fails to state a claim against MCV US Sales for punitive damages and MCV US Sales incorporates by reference herein and hereby invokes, without waiver of the other

defined, MCV US Sales' constitutional and other objections under any applicable provisions of any state law.

## TWENTY-FIRST DEFENSE

To the extent the Plaintiff asserts a demand for punitive damages, MCV US Sales specifically incorporates by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damages awards that arose in the decisions of *BMW of No. America v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003); and *Exxon Shipping Co. v. Baker*, No. 07-219, 2008 U.S. LEXIS 5263 (U.S. June 25, 2008) and their progeny as well as other similar cases under both federal and state law.

## TWENTY-SECOND DEFENSE

No reasonable notice was given of any alleged breach of implied warranty.

## TWENTY-THIRD DEFENSE

Defendant is entitled to and claims the benefits of all defenses and presumptions set forth in or arising from any rule of law or statute in this State and any other state whose law is deemed to apply in this case. Defendant reserves the right to assert that the law of a state other than New Hampshire applies to this action.

## TWENTY-FOURTH DEFENSE

Defendant intends to rely upon any additional affirmative defenses that become available during the course of investigation and/or discovery and reserves the right to amend its Answer to assert these defenses.

WHEREFORE, MCV US Sales respectfully requests that the Court: (1) enter judgment for MCV US Sales on all remaining counts of the Master Long Form Complaint; (2) award MCV

US Sales its attorneys' fees and expenses and costs; and (3) award MCV US Sales additional relief as the Court may deem appropriate and just.

Dated: June 6, 2017            Respectfully submitted,

                                       **MAQUET CARDIOVASCULAR US SALES, LLC**

                                       */s/ Hugh J. Turner Jr.*
                                       Hugh J. Turner Jr., Esq.
                                       Enjoliqué D. Aytch, Esq.
                                       Elan S. Hersh, Esq.
                                       **AKERMAN LLP**
                                       Las Olas Centre II, Suite 1600
                                       350 East Las Olas Boulevard
                                       Fort Lauderdale, FL  33301-2229
                                       Telephone:  (954) 463-2700
                                       Fax: (954) 463-2224
                                       Email: hugh.turner@akerman.com
                                              enjolique.aytch@akerman.com
                                              elan.hersh@akerman.com

**WADLEIGH, STARR & PETERS, PLLC**
John Friberg – NHBA # 858
Pierre A. Chabot – NHBA # 17606
95 Market Street
Manchester, NH 03101
Telephone:  (603) 669-4140
Email: jfriberg@wadleighlaw.com
        pchabot@wadleighlaw.com

                                       *Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of June, 2017, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF participant:

*/s/Hugh J. Turner Jr.*
Hugh J. Turner Jr., Esq.
Enjoliqué D. Aytch, Esq.
Akerman LLP
Las Olas Centre II
350 East Las Olas Boulevard
Suite 1600
Fort Lauderdale, FL 33301-2999