UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**In Re: Atrium Medical Corp. C-Qur Mesh**
**Products Liability Litigation (MDL No. 2753)**

MDL Docket No. 16-md-2753-LM
ALL CASES

### CASE MANAGEMENT ORDER NO. 3D
COORDINATION ORDER

WHEREAS, a federal proceeding captioned <u>In re: Atrium Medical Corp. C-QUR Mesh Products Liability Litigation</u>, MDL Docket No. 1:16-md-02753-LM (the "MDL"), is pending before the Honorable Landya McCafferty in the United States District Court for the District of New Hampshire (the "MDL Court");

WHEREAS, several cases have been filed in the state courts of New Hampshire, including the matters of <u>Downie, et al. v. Atrium Medical Corporation</u>, No. 226-2013-cv-0155, Hillsborough County Superior Court Southern District; <u>Gorham, et al. v. Atrium Medical Corporation, et al.</u>, No. 212-2015-cv-00035, Hillsborough County Superior Court Southern District; <u>Brown et al. v. Atrium Medical Corporation, et al.</u>, No. 212-2015-cv-00036, Hillsborough County Superior Court Southern District; <u>Hayward et al. v. Atrium Medical Corporation, et al.</u>, No. 212-2015-cv-00087, Hillsborough County Superior Court Southern District; and potential future matters to be filed before the Honorable Charles S. Temple (collectively "the State Court Litigation");

1

WHEREAS, the MDL and the State Court Litigation involve some of the same factual allegations and circumstances and some of the same Defendants, and discovery in those various proceedings may overlap;

WHEREAS, coordination of discovery and pretrial proceedings in the MDL and the State Court Litigation will help prevent duplication of discovery and minimize the burden on parties and non-parties; in responding to discovery requests, save substantial expense by the parties and non-parties and produce substantial savings in judicial resources;

WHEREAS, the MDL Court by adopting this Order finds that coordination of discovery and pretrial scheduling in the MDL and the State Court Litigation will further the just and efficient disposition of each proceeding;

NOW, THEREFORE, IT IS ORDERED that the parties are to work cooperatively to coordinate discovery in order to prevent duplication of effort and to promote the efficient and speedy resolution of the MDL and the related State Court Litigation. However, it is recognized that the MDL Plaintiffs have a right to pursue a discovery and litigation strategy that is different from State Court Counsel and therefore, nothing in this Order should be interpreted to create an obligation on the MDL Leadership to follow the discovery plan of the State Court Plaintiffs.

**IT IS THEREFORE ORDERED:**

1. All discovery in the MDL and the State Court Litigation will be coordinated to the fullest extent practicable.

2. Plaintiffs shall be entitled to and accept all "general merits" (non-plaintiff specific) discovery responses and documents that Defendants have produced or will produce in the State Court Litigation, as well as transcripts of all "general merits" depositions given by Defendants' officers, employees, or former employees in the State Court Litigation upon the

entry of this Case Management Order ("Order") and the Protective Order ("MDL Protective Order") in this MDL.

3. Defendants shall produce all "general merits" discovery responses and documents previously produced in the manner previously produced, and all "general merits" depositions given by any of the Defendants' officers, employees, or former employees, in the State Court Litigation to Plaintiffs upon the entry of this Order and an MDL Protective Order, whichever comes later. Atrium shall have 45 days to supplement all answers to the "general merits" interrogatory discovery responses to include all products involved in this MDL up through and including the date of the filing of the Master Complaint. The supplemental production of documents will be addressed in the ESI Protocol. Such discovery responses and documents will be deemed to be made in this MDL and may be used in this action as if they had been served in this MDL. Such discovery responses and documents will have been deemed to have been made in this MDL on the date it is produced to Plaintiffs pursuant to and subject to the Federal Rules of Civil Procedure 26 through 37, and may be used in this action subject to and in accordance with the terms of the MDL Protective Order and the ESI Protocol as if they had been served in this MDL. Nothing in this Order shall limit Plaintiffs' ability to challenge the sufficiency of Defendants' responses to such discovery pursuant to the Federal Rules of Civil Procedure, the Local Rules of this Court, and any discovery orders entered in this MDL.

4. All "general merits" documents produced by Defendants in this case that were originally produced in the State Court Litigation shall bear the same bates label as that produced in the State Court Litigation.

5. As to any "general merits" discovery previously produced by Atrium, Atrium has not waived any previously asserted objections as to the documents.

6. Plaintiffs' Lead Counsel for the MDL Plaintiffs, or his designee, shall confer with Plaintiffs' State Court Liaison Counsel, or his designee, in advance of the service of requests for written discovery in the MDL, taking such steps as may be necessary to avoid unnecessary duplication of interrogatories, depositions on written questions and requests for documents in the State Court Litigation.

7. Plaintiffs will attempt to avoid "general merits" discovery requests (including but not limited to, interrogatories, requests for production of documents, and depositions of current and former employees of Defendants) to Defendants that are the same or substantially similar to discovery requests propounded to Defendants in the State Court Litigation and which were provided pursuant to Paragraph 3 of this Order. Should Plaintiffs seek "general merits" discovery that is the same or substantially similar to discovery that has been previously requested in the State Court Litigation, Defendants should assert the proper objection, including other objections to the discovery requests, if any, within the time limits under the Federal Rules of Civil Procedure or any applicable Order of this Court. The parties shall meet and confer to seek alternative methods of responding to the discovery. Following the meet and confer, Defendants shall substantively respond in accordance with the parties' agreement. Should an agreement not be reached, the parties may seek relief from the Court pursuant to the procedure set forth in Section 5 of Case Management Order No. 3 (hereinafter "CMO No. 3") (doc. no. 39).

8. Any "general merits" depositions given by an officer, employee, or former employee of the Defendants in the State Court Litigation prior to the entry of this Order may be used by any party in this MDL, as if taken under the jurisdiction of this MDL, without the necessity that the "general merits" deposition be cross-noticed by Plaintiffs, but only to the extent that the testimony is relevant, material, competent, admissible, non-privileged or

4

otherwise not objectionable; provided, however, that Defendants reserve their right to oppose the admission of the deposition testimony based on any objections that would exist if the deposition had been taken in this MDL.

9. Any "general merits" depositions of any officer, employee, or former employee of the Defendants not previously given, but later noticed in the State Court Litigation, shall be coordinated to the greatest extent possible and absent specific circumstances, shall be cross-noticed by the Plaintiffs in this MDL pursuant to the procedures set forth in CMO No. 3B (doc. no. 41). Each side should ordinarily designate one attorney to conduct the principal examination of the deponent, and examination by other attorneys should be limited to matters not previously covered. The time limitations established in the State Court Litigation shall not apply to or be eroded by the time limitations to be established in this MDL. The transcript of any deposition taken pursuant to this paragraph shall not be used or disseminated except in accordance with the terms MDL Protective Order.

10. Should anything contained in this Order directly conflict with any of the provisions contained in CMO No. 3B (doc. no. 41), CMO No. 3B shall control.

11. This Order does not preclude "case specific" discovery at an appropriate time consistent with the case management orders of the Court related to any individual Plaintiff's alleged use of the C-QUR mesh product in this MDL and/or contacts between Defendants, their agents, representatives, consultants, employees or others acting on their behalf, with any of the individual plaintiffs' implanting or explanting physicians. Defendants expressly reserve any and all objections to such discovery, including but not limited to objections made pursuant to the Federal Rules of Civil Procedure and related case law.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

July 5, 2017

cc: All Counsel of Record