# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| IN RE: | MDL NO. 2753 |
| ATRIUM MEDICAL CORP. C-QUR MESH PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1:16-md-02753-LM |
| | ALL CASES |

## PLAINTIFFS' AND DEFENDANTS' JOINT AGENDA FOR AUGUST 8, 2019 STATUS CONFERENCE

Now come the parties in the above-entitled multidistrict litigation and jointly submit the below agenda items, with a brief description of the items at issue, in preparation for the Status Conference to be held on August 8, 2019:

**I.	Status of Depositions**

    **A.	Former and Current Defendant Employees:**

| | Deponent | Deposed | Scheduled | Requested |
|---|---|---|---|---|
| 1. | Phil McNamara | Sept. 6, 2018 | | |
| 2. | Jeff Harris | Sept. 22, 2018 | | |
| 3. | Trevor Carlton | Sept. 27/28, 2018 | | |
| 4. | Paul Martakos | Dec. 20, 2018 | | |
| 5. | Jim Fitzgerald | Jan. 24, 2019 | | |
| 6. | Jessica Crosby | Feb. 11, 2019 | | |
| 7. | Timothy Talcott | Feb. 21/22, 2019 | | |
| 8. | Chasity Murray | Mar. 26, 2019 | | |
| 9. | Dan Hill | Mar. 28, 2019 | | |
| 10. | Ted Karwoski | Apr. 16, 2019 | | |
| 11. | Raymond Kelly | Apr. 26, 2019 | | |
| 12. | Scott Corbeil | Apr. 30, 2019 | | |

|     | Deponent | Deposed | Scheduled | Requested |
| --- | --- | --- | --- | --- |
| 13. | Chad Carlton | May 2, 2019 | | |
| 14. | Melissa DePrince | May 10, 2019 | | |
| 15. | Theresa Morin | May 15, 2019 | | |
| 16. | Keith Faucher | May 16, 2019 | | |
| 17. | Geoff Moodie | May 22, 2019 | | |
| 18. | Anthony Horton | June 7, 2019 | | |
| 19. | Joe Ferraro | July 10, 2019 | | |
| 20. | Frank Casamassina | July 12, 2019 | | |
| 21. | Mark Brown | July 18, 2019 | | |
| 22. | Kenneth Collins | July 23, 2019 | | |
| 23. | Joe DePaolo | July 30, 2019 | | |
| 24. | Steve Herweck | | Aug. 22, 2019 | |
| 25. | Lena Hagman | | Oct. 17, 2019 | |
| 26. | Mead Poncin | | Sept. 25, 2019 | |
| 27. | John Gomes | | TBD | |
| 28. | Terri Clark | | TBD | |

Some of the depositions at issue have been or are being rescheduled at either the request of Plaintiffs' counsel or Defense counsel due to various scheduling issues. One 30(b)(6) witness (Peter Hjalmarson) on the issue of jurisdiction was deposed. Two previously agreed Rule 30(b)(6) Notices of Deposition to Atrium Medical Corporation were withdrawn by the Plaintiffs.

**B.     Initial Discovery Pool Plaintiffs and Their Physicians:**

Depositions of the Discovery Pool Plaintiffs and their implanting/explanting physicians were largely completed. However, the parties were unable to depose the explanting physician of Plaintiff Sargent, Case No. 1:17-cv-00740-LM, who was not chosen for the Trial Pool. The parties disagree as to whether this deposition should be completed. *See infra* Section III.2.

## II.     Pending Motions

### A.     Getinge AB's Motion to Dismiss Based on Lack of Personal Jurisdiction:

The Court has previously set Getinge AB's motion to dismiss for hearing on September 9-11, 2019, with a pre-hearing conference set for August 27, 2019. (*See* 5/13/2019 Notices of hearing dates.)  Getinge AB's experts, John Orcutt and Alex Fernandez, have been deposed.  Plaintiffs served the report of their expert, Dana Messina, on July 1, 2019.  Mr. Messina was deposed on July 26, 2019.  The parties have agreed on the following schedule of pre-hearing deadlines:

| Event | Date |
|---|---|
| Pre-Hearing Dates | |
| Completion of depositions of Defendants' experts.  (completed) | June 6 |
| Plaintiffs to disclose expert witnesses.  (completed) | July 1 |
| Defendants to depose Plaintiffs' expert witnesses.  (completed) | July 31 |
| Parties to exchange proposed live witnesses and exhibit lists.  Parties to confer in good faith to resolve any evidentiary objections to exhibits and shall endeavor to stipulate to authenticity and to satisfaction of business records hearsay exception (where applicable). | August 6 |
| Parties to file any motions in limine for witnesses or exhibits as to which the Court has not yet ruled. | August 13 |
| Parties to serve deposition designations (only for witnesses who are not listed on parties' live witness list and which would not be offered solely for impeachment). | August 13 |
| Parties to serve objections to the other side's deposition designations and counter-designations (only for witnesses who are not listed on parties' live witness list and which would not be offered solely for impeachment). | August 19 |
| Parties to serve objections to the other side's counter-designations; parties to confer in good faith to resolve any objections to deposition designations. | August 23 |
| Final pre-hearing conference.  Court to hear motions in limine and to resolve any outstanding objections to deposition designations. | August 27 10:00 a.m. |
| Dates and Times of Hearing | |
| Hearing | Sept. 9-11 |

| Event | Date |
|---|---|
| Opening statements (morning) and Plaintiffs' witnesses (afternoon) | Sept. 9<br>9 to 4 |
| Plaintiffs' witnesses continued (morning) and Getinge AB's witnesses (afternoon) | Sept. 10<br>9 to 4 |
| Getinge AB's witnesses continued (morning), Plaintiff's rebuttal witnesses (afternoon) and closing arguments (afternoon) | Sept. 11<br>9 to 4 |

The parties disagree as to whether the full hearing, scheduled for September 9-11, should be open to the public. Likewise, the parties disagree as to whether the exhibits to be used in the hearing should maintain their confidential designations. Plaintiffs believe that it is essential to the nearly 1,500 individual plaintiffs, their counsel, and to the public at large, that the full hearing, along with all evidence be kept open to the public. Moreover, it is plaintiffs' position that, in the interest of justice and as a matter of public policy, the hearing should be open. Getinge AB intends to move to seal the hearing. Getinge AB has produced voluminous confidential and propriety information regarding its finances and operations during the course of jurisdictional discovery, which Getinge AB designated "confidential" pursuant to the Protective Order entered by this Court (Dkt. 97). Plaintiffs have not previously challenged Getinge AB's "confidential" designations pursuant to the procedures set forth in that order. The Court has not even determined that Getinge AB is a proper defendant in this action—that is precisely this issue raised by Getinge AB's motion to dismiss. Making Getinge AB's confidential information available to the public, including its competitors, would be highly prejudicial to Getinge AB.

    **B.**    **Selection of Trial Pool Cases and Pending Motions to Dismiss**

On July 15, 2019, the Parties selected the following trial pool cases:

1.    Barron, Carrie, Case No. 1:17-cv-00742-LM (by Plaintiffs),

2.    Hicks, Daniel, Case No. 1:17-cv-00070-LM (by Plaintiffs),

3.    Luna, Martha, Case No. 1:16-cv-00372-LM (by Plaintiffs),

4. Newell, Robert, Case No. 1:17-cv-00250-LM (by Plaintiffs),

5. Petersen, Michael, Case No. 1:18-cv-00212-LM (by Defendants),

6. Vollmar, Amy, Case No. 1:17-cv-00704-LM (by Defendants),

7. Hickinbottom, Juanita, Case No. 1:17-cv-00713-LM (by Defendants),

8. Shumaker, Joseph, Case No. 1:17-cv-00741-LM (by Defendants).

Motions to dismiss in each of these cases have been fully briefed and are ready to be decided by the Court, unless the Court would like to schedule oral argument. (*Barron* Dkt. 66, *Hicks* Dkt. 156, *Luna* Dkt. 178, *Newell* Dkt. 121, *Petersen* Dkt. 60, *Vollmar* Dkt. 68, *Hickinbottom* Dkt. 67, *Shumaker* Dkt. 65.)  The Defendants respectfully ask that the Court prioritize the pending motions in these cases, as the Court's rulings could impact trial preparation. In particular, the Defendants respectfully ask that the Court give the highest priority to those cases where Defendants have moved to dismiss the cases in their entirety on grounds of statute of limitations (*Petersen*, *Hickinbottom*, *Shumaker*), so that replacement cases can be selected in the event these cases are dismissed. Plaintiffs contend that discovery has already been completed on these matters.  For this reason, and because the parties have already made their trial selections, Plaintiffs believe that handling these motions at the same time as dispositive motion practice is the most efficient way of handling.  The parties disagree as to whether cases dismissed through motion practice prior to trial should be subject to replacement.  Defendants believe that cases dismissed through Rule 12 or Rule 56 motions should be subject to substitution.  Plaintiffs believe that Defendants should not be entitled to substitution of trial cases that are dismissed through motion practice.

      **C.**      **Motions to Dismiss the Remaining Initial Discovery Pool Cases filed by Atrium Medical Corporation and Maquet Cardiovascular US Sales, LLC:**

The following motions to dismiss are also fully briefed and ready to be decided by the Court in the remaining Initial Discovery Pool Cases, unless the Court would like to schedule oral argument.

1. Badry, Andja, Case No. 1:16-cv-00360-LM, Dkt. 174,
2. Blackwood, Felicia, Case No. 1:16-cv-00379-LM, Dkt. 171,
3. Caldwell, Georgianne, Case No. 1:17-cv-00021-LM, Dkt. 162,
4. Croucher, Jeffrey, Case No. 1:16-cv-00371-LM, Dkt. 160,
5. Moore, Tammy, Case No. 1:18-cv-00010-LM, Dkt. 64,
6. Norris, Christopher, Case No. 1:18-cv-00065-LM, Dkt. 59,
7. Sargent, Crystal Demetrieal, Case No. 1:17-cv-00740-LM, Dkt. 65.

**III.**    **Outstanding Meet and Confer Issues**

1. On June 7, 2019, Plaintiffs requested the deposition of Lena Hagman, a member of the Getinge executive team who resides and works in Sweden. The Parties have been discussing the potential scope of Ms. Hagman's deposition in exchange for Defendants' agreement not to raise Apex objections to the agreed upon topics. Ms. Hagman's deposition is currently scheduled for October 17 and the parties continue to meet and confer in the hope of reaching agreement without the need for Court intervention. Due to the timing of the proposed deposition of Ms. Hagman, the parties have agreed to allow Plaintiffs to supplement the expert report of their regulatory expert. The parties continue to discuss timing of the supplement and the deposition of Plaintiffs' regulatory expert.

2. The parties disagree as to whether depositions should be ongoing in cases not selected into the final trial pool. Plaintiffs believe that all resources should be placed into readying

the 8 cases selected for the trial pool. Defendants believe that initial discovery of the Discovery Pool Plaintiffs should be completed in case there is a need to substitute a trial pool case as a result of voluntary or involuntary dismissal. The parties have not exchanged position papers on this issue and Defendants request the opportunity to set out their position more fully for the Court, by either position paper or formal briefing.

3. The parties continue to meet and confer regarding various other matters, but none have reached an impasse requiring court intervention.

Dated: August 1, 2019          Respectfully submitted,

*/s/ Katherine Armstrong*
Mark S. Cheffo
Katherine Armstrong
**DECHERT LLP**
Three Bryant Park
1095 Sixth Avenue
New York, New York 10036
Tel: (212) 698-3500
Fax: (212) 698-3599
mark.cheffo@dechert.com
katherine.armstrong@dechert.com

Enjoliqué Aytch
Rebecca A. Ocariz
**AKERMAN LLP**
Las Olas Centre II, Suite 1600
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301-2229
Tel.: (954) 463-2700
Fax: (954) 463-2224
enjolique.aytch@akerman.com
rebecca.ocariz@akerman.com

Pierre A. Chabot – NHBA # 17606
**WADLEIGH, STARR & PETERS, PLLC**
95 Market Street
Manchester, NH 03101
Tel: (603) 669-4140
pchabot@wadleighlaw.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2019, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to all counsel of record.
/s/ Katherine Armstrong
Katherine Armstrong