**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

**In Re: Atrium Medical Corp. C-Qur Mesh**
**Products Liability Litigation (MDL No. 2753)**

**MDL Docket No. 16-md-2753-LM**
**ALL CASES**

**ORDER**

This multi-district litigation (MDL) proceeding involves plaintiffs' suits against Atrium

Medical Corporation ("Atrium"), a medical device company that manufactured and sold C-QUR

mesh, and a related company, Maquet Cardiovascular US Sales, LLC ("Maquet"), claiming that

C-QUR mesh was, among other things, defective and unreasonably dangerous and caused injury

when surgically implanted for hernia repair.  This MDL proceeding has been underway for over

three years.  The parties are approaching the end of case-specific discovery in trial pool cases

and beginning preparations for the first bellwether trial.  Defendants move to extend deadlines

and the first bellwether trial date due to the extraordinary circumstances caused by the outbreak

of COVID-19 and other delays encountered in the course of expert discovery.  Doc. no. 1197.

Plaintiffs object.

The timeline of current deadlines is approximately as follows:

- Mid-April: Selections and strikes of trial pool cases by both parties
- Early May: Defendants' disclosure of regulatory and pathology experts
- By Agreement: Expert discovery deadline in trial pool cases
- Mid-May to early June: Deadlines for filing of dispositive and Daubert motions in trial pool cases, including time for filing responses and replies
- June: Parties confer and attempt to reach agreement on first case to be tried
- August: Deadline for settlement conference regarding first trial pool case
- September: First bellwether trial

See Endorsed Order Feb. 7, 2020 (granting joint assented-to motion to extend deadlines, doc. no.

1182).  Defendants request that the court extend all the current deadlines by 90 days and

1

reschedule the first trial date to January 2021.  They argue that this extension is necessary for two primary reasons: (1) the COVID-19 outbreak renders the completion of expert discovery difficult or impracticable; and (2) defendants require additional time to complete expert discovery necessitated by plaintiffs' late-disclosure of pathology expert Dr. Christine Knabe, including time to designate their own pathology expert and supplement other expert discovery. With respect to remaining expert discovery, defendants contend that they still need to depose Dr. Knabe and plaintiffs' regulatory expert, Dr. Peggy Pence, and that there are five defense experts that plaintiffs have yet to depose.  Plaintiffs argue that there is no need to delay trial or other deadlines because discovery is nearly complete and the current trial date is almost five months away.  To keep the case on track, plaintiffs offer to forego deposing the remaining defense experts.[1]  They argue that the only other outstanding depositions—of Drs. Knabe and Pence—can be conducted promptly and remotely by video-conference.

I.      Extension of Deadlines

Under the circumstances presented, it is unnecessary at this time to reschedule the first trial date.  But the court finds that a short extension of other deadlines is warranted.  This extension is primarily justified by the discovery delays caused by plaintiffs' late-disclosure of Dr. Knabe in one of the trial pool cases, Hicks v. Atrium, No. 17-cv-00070-LM.  As detailed in this court's order denying defendants' motion to strike Dr. Knabe and her expert report, plaintiffs late-disclosed Dr. Knabe and could have done more to communicate with opposing counsel about the reasons for her late disclosure.  See Hicks v. Atrium, No. 17-cv-00070-LM, (Doc. no. 189, Mar. 19, 2020).  Although the court found plaintiffs' late-disclosure of Dr. Knabe

---

[1] Plaintiffs offer to forego deposing defendants' remining experts with the caveat that they reserve the right to depose defendants' yet undisclosed pathology expert if necessary.

substantially justified and harmless, it was the court's intention to ensure that Dr. Knabe's late disclosure was indeed harmless by extending deadlines as necessary to allow defendants the opportunity to depose Dr. Knabe, designate their own pathology expert, and amend or supplement other expert reports as needed.[2]  The extension of deadlines is also justified in light of defendants' agreement to allow the late-disclosure of Dr. Pence after plaintiffs' first regulatory expert withdrew for health reasons.  Defendants need time to depose Dr. Pence and disclose any responsive regulatory expert.

The court will allow the extension of deadlines as outlined in the chart below to accommodate the remaining discovery.  The extensions outlined below presume that plaintiffs are still willing to forego deposing the remaining defense experts.  If that is not the case—that is, if plaintiffs wish to depose the five remaining defense experts, as is their right—the court will revisit the extension of deadlines.

The court extends the below deadlines as follows:

| Event | Prior Deadline | New Deadline |
|---|---|---|
| Rebuttal expert reports due in trial pool cases | March 10, 2020 | May 29, 2020 |
| Defendants' expert disclosure of regulatory and pathology expert and supplemental/amended reports of Defendants' previously disclosed experts | May 9, 2020 | May 22, 2020 |
| Each side is permitted to strike one case from among the trial pool cases by notifying Lead Counsel for the other side | April 14, 2020 | May 14, 2020[3] |

---

[2] The court assumed that the parties would be able to agree to reasonable extensions of deadlines to accommodate this additional discovery; the parties have proven that assumption incorrect.

[3] Defendants argue that they should be permitted to complete expert discovery prior to having to elect which trial pool cases to strike or select.  But even under the prior schedule, the deadlines for striking and selecting were scheduled before the close of all expert discovery.  For example, as depicted in the chart, defendants' prior deadline for disclosure of their regulatory and pathology experts was <u>after</u> the deadlines for striking and selecting cases.

| Event | Prior Deadline | New Deadline |
|---|---|---|
| Each side is permitted to select one case from among the trial pool cases by notifying Lead Counsel for the other side | April 15, 2020 | May 15, 2020 |
| Expert discovery deadline in trial pool cases | Per Agreement | June 5, 2020 |
| Dispositive or Daubert motions due re: trial pick cases | May 13, 2020 | June 12, 2020 |
| Responses to dispositive or Daubert motions due re: trial pick cases | May 27, 2020 | June 26, 2020 |
| Replies to dispositive or Daubert motions due re: trial pick cases | June 3, 2020 | July 3, 2020 |
| After conferring regarding the first case to be tried, the manner of trial, and the timing of the second case to be tried, the parties shall submit a report to the Court indicating those matters as to which agreement has been reached and setting forth their positions as to all matters where agreement was not reached | June 4, 2020 | July 8, 2020 |
| If agreement cannot be reached on 1st case to be tried, the Court will select a case from the 2 cases selected by the parties | June 24, 2020 | July 13, 2020 |
| Deadline for Settlement conference for first trial pool case | August 3, 2020 | August 3, 2020 |
| First trial | September 16, 2020 | September 16, 2020 |

The parties are free to modify the above deadlines by their mutual agreement.

II.     Method of Conducting Depositions

The court, like many other institutions, has modified its normal procedures to ensure that justice can still be delivered effectively and efficiently during this crisis, including by conducting civil and criminal hearings remotely by telephone and video-conference.  See Standing Order 20-5, Mar. 20, 2020 (Court Operations Under the Exigent Circumstances Created by COVID-19); Standing Order 20-7, Mar. 23, 2020 (Procedures Governing Out-Of-Court Videoconference and Telephonic Hearings Necessitated Due to the Exigent Circumstances Created by COVID-19).

Likewise, in this MDL proceeding, some departures from typical practice must be made.   Given the continuing COVID-19 outbreak and corresponding restrictions on travel and gatherings (and the uncertainty about how long those restrictions will remain in place), the court finds it necessary that any remaining depositions in this case be taken by telephone or video-conference.

All depositions in this action may be taken via telephone, videoconference, or other remote means, and may be recorded by any reliable audio or audiovisual means.  See Fed. R. Civ. P. 30(b)(3)-(4).  Any remotely conducted deposition must still satisfy the requirements set forth in Federal Rule of Civil Procedure 30(b)(5), including the requirement that, unless the parties stipulate otherwise, the deposition be "conducted before an officer appointed or designated under Rule 28," and that the deponent be placed under oath by that officer.  Fed. R. Civ. P. 30(b)(5).  To be clear, a deposition will be deemed to have been conducted "before" an officer so long as that officer attends the deposition via the same remote means (e.g., telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.

III.   Conclusion

For the foregoing reasons, the court grants defendants' motion to extend deadlines (doc. no. 1197) in part and denies it in part as set forth in the chart included in this order.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

April 30, 2020

cc:  Counsel of Record

5