UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| IN RE: ) | MDL NO. 2753 |
| ) |  |
| ATRIUM MEDICAL CORP. C-QUR MESH ) | MDL Docket No. |
| PRODUCTS LIABILITY LITIGATION ) | 1:16-md-02753-LM |
| ) |  |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S POSITION STATEMENT PURSUANT TO THE COURT'S APRIL 30, 2020 ORDER

Defendants Atrium Medical Corporation ("Atrium") and Maquet Cardiovascular US Sales, LLC ("MCV US Sales") (collectively "Defendants") submit this response Plaintiff's Position Statement Pursuant to the Court's April 30, 2020 Order (Dkt. 1213). For the reasons discussed with the Court during the status conference on July 21, 2020, in order to preserve the trial selection process agreed to by the parties and ordered by this Court (Dkt. 1169), Defendants respectfully submit that Defendants should be permitted to pick a case to replace *Hickinbottom* and that the parties should present their arguments to the Court as to whether Plaintiffs' trial selection (*Barron*) or Defendants' trial selection (to be determined) should be tried first.[1] Defendants will reserve their arguments on this process until the next conference before the Court. Defendants submit this memorandum to address Plaintiffs' separate proposal that *Barron* be tried to the bench, a proposal that has significant implications for Defendants' right to a jury trial and the broader feasibility of the bellwether process. The issues are important and complex; however, Defendants have attempted to keep this response succinct. Defendants are prepared to submit additional briefing on these issues if requested by the Court. For the reasons discussed below, Plaintiffs' proposal should be rejected for several reasons.

---

[1] The cases *Vollmar* (No. 1:17-cv-704) and *Hicks* (No. 1:17-cv-70) were struck by the parties.

1.      *Claims Not Pleaded—*Plaintiff Barron concedes that she did not plead unjust enrichment or violations of New Hampshire's consumer protection statute in her Long Form Complaint and that she would need leave to amend to bring such claims.  (Dkt. 1213 at 13.) Plaintiff does not seek leave to amend because of newly developed evidence.  Instead, Plaintiff would be seeking leave to amend after fact and expert discovery is closed, *Daubert* and dispositive motions are pending, and the parties are preparing for trial.  Her sole purpose appears to be denying Defendants' their right to a jury trial.  Amendment should not be allowed under such circumstances.  *See Tiernan v. Blyth, Eastman, Dillon & Co.*, 719 F.2d 1, 4–5 (1st Cir. 1983) (late amendment that could significantly impact the defendant's strategy should not be permitted).

2.      *Defendants' Right to a Jury Trial—*In Plaintiffs' position paper, they indicated that, if permitted to amend her Long Form Complaint, Plaintiff Barron would ask the Court (over Defendants' objection) to bifurcate her unjust enrichment and Consumer Protection Act claims and hold a bench trial of those.  (Dkt. 1213 at 13.)  However, a bench trial of Plaintiff Barron's equitable claims would not obviate the need for a jury trial.  The U.S. Supreme Court and First Circuit have made clear that, in order to preserve a party's right to a jury trial, where both legal and equitable claims are pleaded, the legal claims must be tried to a jury first.  *See Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 551-53 (1990); *Perez-Serrano v. De Leon-Velez*, 868 F.2d 30, 32-33 (1st Cir. 1989); *see also Boit v. Gar-Tec Prods., Inc.*, 967 F.2d 671, 677 (1st Cir. 1992) (observing that it is a "constitutional requirement that factual issues common to both legal and equitable claims in the same proceeding be tried to a jury first").  Here, Plaintiff Barron concedes that the "referenced statutory and equitable claims would implicate much of the same underlying Defendant conduct as the common law claims."  (Dkt. 1213 at 13.)  Thus, they cannot be tried until a jury has first decided her legal claims.

3.      *Lack of Viability*—As noted above, Plaintiff Barron chose not to assert claims for unjust enrichment and violation of state consumer protection statutes in her Long Form Complaint. Likely, Plaintiff's counsel assessed those claims and determined that they were not as strong as the claims asserted in the Long Form Complaint. They were right. Plaintiff faces significant legal hurdles with respect to such claims.

First, Plaintiff lacks standing to pursue a claim under New Hampshire's Consumer Protection Act ("CPA") because there is not a sufficient nexus with New Hampshire. The CPA makes it "unlawful for any person to use any unfair method of competition or any unfair or deceptive act or practice in the conduct of any trade or commerce *within this state*." *See* RSA 358-A:2 (emphasis added). In *BAE Systems Information & Electronics Systems Integration Inc. v. SpaceKey Components, Inc.*, 2011 WL 1705592 (D.N.H. May 4, 2011) (McCafferty, J.), this Court held that an out-of-state defendant could not bring a CPA counterclaim against a New Hampshire Plaintiff. The Court explained that the counterclaimant "is not a New Hampshire entity, and alleges no injuries sustained in New Hampshire." *Id.* at *5. As in *BAE Systems*, the alleged wrongful conduct here took place in Pennsylvania, where the hospital purchased the mesh used in Ms. Barron's surgery. *Cf. id.* Atrium's location in New Hampshire fails to supply the required nexus. "[T]he relevant question is not where [the offending party] is located, where [the offending party] accepted payment from [claimant], or what law the parties chose to use when resolving disputes." *Id.* at *6. "Instead, the question is the locus of the offending conduct. Where, as here, a plaintiff alleges offending conduct that took place outside New Hampshire, it fails to state a claim under the CPA." *Id.*; *see also Ortiz v. Sig Sauer, Inc.*, ___ F.3d ___, 2020 WL 1332261, at *13 (D.N.H. Mar. 23, 2020) (Laplante, J.) (holding that Arizona plaintiff could not

pursue a CPA claim against a New Hampshire defendant).[2]

Plaintiff Barron's proposed unjust enrichment claim is also insufficient as a matter of law. "Equitable remedies are not available in New Hampshire courts when the plaintiff has an adequate legal remedy." *E. Elec. Corp. v. FERD Constr., Inc.*, 2005 WL 3447957, at *2 (D.N.H. Dec. 15, 2005) (citing *Concord Orthopaedics Prof'l Ass'n v. Forbes*, 142 N.H. 440, 445–46 (1997); *Fischer v. City of Dover*, 131 N.H. 469, 476 (1989)). Thus, "it is a basic tenet of equity jurisprudence that courts of equity should not act . . . when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Id.* (quotation marks omitted). Here, Plaintiffs have pleaded the legal claims of strict liability and negligence. Ms. Barron cannot manufacture the lack of an adequate remedy at law by abandoning her legal claims.

In addition, as this Court has observed, "unjust enrichment generally does not form an independent basis for a cause of action" and is typically only "allowed by the courts as alternative remedies to an action for damages for breach of contract." *OneSky Litig. Tr. v. Sullivan*, 2012 WL 124739, at *11-12 (D.N.H. Jan. 17, 2012) (McCafferty, J.); *see also Gen. Insulation Co. v. Eckman Constr.*, 159 N.H. 601, 611 (2010) ("[U]njust enrichment generally does not form an independent basis for a cause of action."). Here, Plaintiff Barron's claims sound in product liability and breach of warranty, not quasi-contract. *Cf. State v. Purdue Pharma Inc.*, 2018 WL 4566129, at *14 (N.H. Super. Ct. Sep. 18, 2018).

---

[2] Nor could Plaintiff Barron pursue a claim under Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201-3, *et seq.* Pennsylvania courts and federal courts applying Pennsylvania law have held that the UTPCPL is not applicable in prescription drug and medical device cases. *See Albertson v. Wyeth Inc.*, 63 Pa. D. & C.4th 514, at *12 (Pa. Ct. Com. Pl. 2003); *Luke v. Am. Home Prods. Corp.*, 1998 WL 1781624, at *8 (Pa. Ct. Com. Pl. Nov. 18, 1998); *White v. Medtronic, Inc.*, 2016 WL 4539494, at *3 (E.D. Pa. Aug. 31, 2016); *McLaughlin v. Bayer Corp.*, 172 F. Supp. 3d 804 (E.D. Pa. 2016); *Stout v. Advanced Bionics, LLC*, 2013 WL 12133966, at *9 (W.D. Pa. Sept. 19, 2013); *Kee v. Zimmer, Inc.*, 871 F. Supp. 2d 405, 411–12 (E.D. Pa. 2012).

Because Plaintiff Barron did not plead unjust enrichment or violation of consumer protection statutes in her Long Form Complaint, Defendants did not address these claims in their motion for summary judgment. While there may be additional deficiencies with such claims, the ones noted above are sufficient to establish that Defendants have good grounds to bring a motion for summary judgment.

4. *Lack of representativeness*—During the July 21 status conference, Plaintiffs' counsel suggested that Ms. Barron would be willing to give up her legal claims and proceed only on unjust enrichment and the CPA.[3] However, that proposal will not cure the problems noted above, and it would create additional problems. Were Ms. Barron to abandon all of her claims except for unjust enrichment and CPA (which may be dismissed on summary judgment), it would render her atypical of the rest of the plaintiffs in this MDL and, therefore, not an appropriate bellwether. The other plaintiffs in this MDL are not giving up their legal claims or right to a jury trial. Likewise, the remedies available for unjust enrichment (restitution) and CPA violations (actual damage multiplier, instead of enhanced compensatory or punitive damages) differ from the damages sought by the rest of the plaintiffs in this MDL.

The point of the bellwether process is to provide the parties with data on how a jury will rule on issues of liability and damages and to facilitate possible resolution and trial preparation in other cases. Trying a bench trial on only two, last-minute claims triable to the Court would not further that process. And, any proposal that subsequent juries be bound by findings from a bench trial under these circumstances would improperly deprive Defendants' of their right to a jury trial, contrary to the spirit of the precedent cited in Section 2 above.

---

[3] A transcript is not yet available, and if Defendants have misstated Plaintiffs' position, they welcome correction.

Dated:  July 24, 2020                           Respectfully submitted,

                                                      */s/ Mark S. Cheffo*
                                                     Mark S. Cheffo
                                                     Katherine Armstrong
                                                     Paul LaFata
                                                     **DECHERT LLP**
                                                     Three Bryant Park
                                                     1095 Avenue of the Americas
                                                     New York, NY 10036
                                                     Telephone:  (215) 208-3091
                                                     Facsimile:  (212) 994-2222
                                                     mark.cheffo@dechert.com
                                                     katherine.armstrong@dechert.com
                                                     paul.lafata@dechert.com

                                                     Pierre A. Chabot – NHBA # 17606
                                                     **WADLEIGH, STARR & PETERS, PLLC**
                                                     95 Market Street
                                                     Manchester, NH 03101
                                                     Telephone:  (603) 669-4140
                                                     Facsimile :  (603) 669-6018
                                                     pchabot@wadleighlaw.com

                                                     *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2020, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to all counsel of record.

                                        */s/ Mark S. Cheffo*
                                        Mark S. Cheffo