UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| IN RE: | ) ) | MDL NO. 2753 |
| ATRIUM MEDICAL CORP. C-QUR MESH PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) | MDL Docket No. 1:16-md-02753-LM  ALL CASES |

**PLAINTIFFS' AND DEFENDANTS' JOINT AGENDA
FOR SEPTEMBER 10, 2020 STATUS CONFERENCE**

Now come the parties in the above-entitled multidistrict litigation and jointly submit the below agenda items, with a brief description of the items at issue, in preparation for the Status Conference to be held on September 10, 2020:

**I.    First Two Cases**

At the conference with the Court on July 28, 2020, the Plaintiffs proposed that the first case to be tried should be *Barron, Carrie*, Case No. 1:17-cv-00742-LM, while Defendants proposed *Luna, Martha*, Case No. 1:16-cv-00372-LM.  Although neither side objected to *Barron* and *Luna* being the first two cases to be tried, they disagreed on which should be first.  After hearing arguments from both sides, the Court indicated that *Barron* would be the first case to be tried.  The Court indicated that it would discuss setting the trial date during the next status conference.  For *Luna*, the parties will confer and submit a joint scheduling proposal to the Court for dispositive and *Daubert* briefing.

On August 25, 2020, Defendants made an assented to motion requesting that the *Barron* trial be set for January 19, 2021 (*Barron* Dkt. 148), which was denied by this Court on August 31, 2021.  Defendants intend to amend the motion in response to the Court's comments.

## II. Trial Logistics and Procedures

The Court has indicated that trial of the *Barron* case may be held by using technology that would permit the Court, parties, witnesses, and/or jury to participate remotely. The parties are conferring regarding trial logistics with the intent of jointly proposing a protocol consistent with the Court's instructions for such a trial for the Court's consideration and approval. To the extent that agreement is not reached on any parts of the protocol, the parties will present their opposing positions to the Court and seek a ruling thereon.

## III. Pending *Daubert* Motions

The Court ordered for the trial-pick cases that the parties file dispositive and *Daubert* motions by June 12, 2020. (MDL Dkt. 1203 at 4.) The parties understood the Court's deadline applied to *Daubert* motions for experts whom the parties have retained for trial and agreed to reserve any objection to the admissibility of testimony that a party designates from a deposition or presents live at trial from a non-specially retained expert (such as a treating physician), including whether any such testimony is admissible opinion testimony under Fed. R. Evid. 701-702.

### A. Plaintiffs' Motions to Exclude or Limit Defendants' Non-Regulatory Experts in *Barron*

The following *Daubert* motions seeking to exclude or limit Defendants' non-regulatory experts were filed by Plaintiffs and have been fully briefed. The Court has indicated that it will advise the parties if hearings will be necessary in connection with those motions. (July 21, 2020 Procedural Order, MDL Dkt. 1215 at 2, *Barron* Dkt. 134 at 2.)

1. Plaintiffs' Motion to Exclude the Testimony and Opinions of Dr. Stephen Spiegelberg, Ph.D. (*Barron* Dkt. 88);

2. Plaintiffs' Motion to Exclude the Opinions and Testimony of Defendant's Expert Dr. Steven R. Little, Ph.D. (*Barron* Dkt. 89);

3. Plaintiffs' Motion to Exclude the Opinions, Testimony and Report of Defense Expert Howard L. Beaton, M.D., FACS (*Barron* Dkt. 90, 91);

4. Plaintiffs' Motion to Exclude the Testimony and Opinions of Dr. Richard Jacobs, M.D., Ph.D. (*Barron* Dkt. 103).

B. **Defendants' Motions to Exclude or Limit Plaintiffs' Non-Regulatory Experts in *Barron***

The following *Daubert* motions seeking to exclude or limit Plaintiffs' non-regulatory experts were filed by Defendants and have been fully briefed. The Court has indicated that it will advise the parties if hearings will be necessary in connection with those motions. (July 21, 2020 Procedural Order, MDL Dkt. 1215 at 2, *Barron* Dkt. 134 at 2.)

1. Defendants' Motion to Exclude Certain Opinions and Testimony of Howard Langstein, M.D. (*Barron* Dkt. 92, 93);

2. Defendants' Motion to Exclude Certain Opinions and Testimony of Scott Guelcher, Ph.D. (*Barron* Dkt. 96, 97);

3. Defendants' Motion to Exclude Certain Opinions and Testimony of Prof. Dr. Med. Uwe Klinge (*Barron* Dkt. 98, 99);

4. Defendants' Motion to Exclude Certain Opinions and Testimony of Russell F. Dunn, Ph.D. (*Barron* Dkt. 100, 101).

C. **Motions to Exclude or Limit Regulatory Experts in *Barron*; Plaintiffs' Motion in Limine to Exclude Evidence Relating to the 510(k) Process**

The following *Daubert* motions filed by both sides against the other side's regulatory expert have been fully briefed. In addition, on August 14, 2020, Plaintiffs filed a Motion in Limine to Exclude Evidence Relating to the United States Food and Drug Administration ("FDA") 510(k) Clearance Process. The Court has indicated that it will withhold a ruling on these *Daubert* motions at this time so that it can consider them at the same time as the motion in limine. (July 21, 2020 Procedural Order, MDL Dkt. 1215 at 2, *Barron* Dkt. 134 at 2.)

1. Plaintiffs' Motion to Exclude Testimony, Opinions, and Report of Defendant's Expert Timothy Ulatowski (*Barron* Dkt. 131);

2. Defendants' Motion to Exclude Certain Opinions and Testimony of Peggy Pence, Ph.D. (*Barron* Dkt. 132, 133).

3

    3.      Motion in Limine to Exclude Evidence Relating to the United States Food and Drug Administration ("FDA") 510(K) Clearance Process. (*Barron* Dkt. 147, *Luna* Dkt. 202.) Defendants' response is due on September 4, 2020. Plaintiffs' reply is due on September 14, 2020.

### IV. Pending Dispositive Motions

    1.      Defendants' Motion for Summary Judgment in *Barron* (*Barron* Dkt. 94, 95);

    2.      Plaintiffs' Motion to Strike Affirmative Defenses to Long Form Complaints of Bellwether Plaintiffs, or Alternately, for Partial Summary Judgment (MDL Dkt. 1206).

### V. Pending Motions to Withdraw

Attorneys have made motions for leave to withdraw from representation of the plaintiffs in the following cases:

    1.      *Sandoval v. Atrium Medical Corporation*, 19-cv-855,

    2.      *Barnett v. Atrium Medical Corporation*, 19-cv-43.

The Court requested that Mr. Orent provide up-to-date contact information for the plaintiffs in those cases so that the Court can inquire whether plaintiffs intend to retain replacement counsel, proceed pro se, or abandon their claims before ruling on the pending motions.

Mr. Orent has provided contact information on Plaintiff Barnett and Plaintiff Sandoval.

### VI. Cases to Be Dismissed

    1.      *Tremaine Hawkins*, Case No.19-cv-364-LM.

By order dated November 25, 2019 (*Hawkins* Dkt. 6), this Court ordered the Plaintiff to have his new attorney file an appearance or to file a *pro se* appearance by December 30, 2019. The Court's order stated: "If no appearance is filed by an attorney or you do not file an appearance to proceed pro se by Monday, December 30, 2019, the cause may be dismissed for failure to prosecute your claims." (*Hawkins* Dkt. 6 at 1.) Plaintiff has not filed either an attorney or a pro se appearance, and therefore, this case can be dismissed.

**VII.    Outstanding Depositions**

    **A.    Fact Witness Depositions**

The parties agreed to reserve depositions of family members (other than spouses who are making claims) until such time as they are designated as trial witnesses.

Plaintiffs and Defendants have been conferring on a rolling basis regarding the dates for depositions of sales representatives in *Barron* and *Luna*. In the event that those discussions reach an impasse, the parties may seek guidance from the Court.

    **B.    Expert Depositions**

On June 13, 2020, the parties stipulated to an extension of the deadline to complete the deposition of Dr. Christine Knabe, an expert disclosed by plaintiffs in the Hicks case, until July 30, 2020. (MDL Dkt. 1207.) In the interim, and in light of the Court's granting the modification of this and other deadlines by mutual agreement (MDL Dkt. 1203 at 4), the parties conferred and agreed to complete Dr. Knabe's deposition at a later date. Because the deposition of Dr. Knabe is the mutually agreed triggering event for the Defendants' deadline to disclose a pathology expert (MDL Dkt. 1207 at 3), the parties will continue to confer on this issue.

**VIII.    Alternative Dispute Resolution**

The Court had previously set August 3, 2020 as the deadline for the parties to hold a settlement conference regarding the first case. At the July 21, 2020 conference, the Court advised the parties that, in light of the ongoing pandemic and resulting continuance of the prior trial date, the parties could mutually agree to extend the August 3, 2020, deadline for mediation. After the parties agreed that additional time for mediation would be productive, the Court directed the parties to meet and confer regarding an extension of the deadline for mediation of their dispute and to advise the Court regarding how much time they will require. (July 21, 2020 Procedural Order, MDL Dkt. 1215 at 1-2, Barron Dkt. 134 at 2.) Following the July 28, 2020 hearing, the Plaintiffs

contacted Defendants to discuss issues related to the resolution of these matters and the logistics of mediation.

In Defendants' assented to motion for a trial setting in *Barron*, the parties proposed that the Court establish October 26 as the deadline for a settlement conference or mediation.

The parties are conferring about proposed mediators and scope of mediation in an attempt to reach agreement.

## IX. Outstanding Meet and Confer Issues

The parties continue to meet and confer regarding various other matters, but none has reached an impasse requiring court intervention.

Dated: September 3, 2020

Respectfully submitted,

*/s/ Paul LaFata*
Mark S. Cheffo
Katherine Armstrong
Paul LaFata
**DECHERT LLP**
Three Bryant Park
1095 Sixth Avenue
New York, New York 10036
Tel: (212) 698-3500
Fax: (212) 698-3599
mark.cheffo@dechert.com
katherine.armstrong@dechert.com
paul.lafata@dechert.com

Pierre A. Chabot – NHBA # 17606
**WADLEIGH, STARR & PETERS, PLLC**
95 Market Street
Manchester, NH 03101
Tel: (603) 669-4140
pchabot@wadleighlaw.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2020, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to all counsel of record.

                                          */s/ Paul LaFata*
                                          Paul LaFata