## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| IN RE: ) | MDL NO. 2753 |
| ) | |
| ATRIUM MEDICAL CORP. C-QUR MESH ) | MDL Docket No. |
| PRODUCTS LIABILITY LITIGATION ) | 1:16-md-02753-LM |
| ) | |
| ) | ALL CASES |
| ) | |

### PLAINTIFFS' AND DEFENDANTS' JOINT AGENDA
### FOR NOVEMBER 12, 2020 STATUS CONFERENCE

Now come the parties in the above-entitled multidistrict litigation and jointly submit the below agenda items, with a brief description of the items at issue, in preparation for the Status Conference to be held on November 12, 2020:

**I. First Two Cases**

At the conference with the Court on July 28, 2020, the Plaintiffs proposed that the first case to be tried should be *Barron, Carrie*, Case No. 1:17-cv-00742-LM, while Defendants proposed *Luna, Martha*, Case No. 1:16-cv-00372-LM. Although neither side objected to *Barron* and *Luna* being the first two cases to be tried, they disagreed on which should be first. After hearing arguments from both sides, the Court indicated that *Barron* would be the first case to be tried. Trial of the *Barron* case is set to begin January 20, 2021.

**II. Trial Logistics and Procedures**

The Court has indicated that trial of the *Barron* case may be held by using technology that would permit the Court, parties, witnesses, and/or jury to participate remotely. The parties are conferring regarding trial logistics with the intent of jointly proposing a protocol consistent with the Court's instructions for such a trial for the Court's consideration and approval. To the extent

that agreement is not reached on any parts of the protocol, the parties will present their opposing positions to the Court and seek a ruling thereon.

By order dated October 22, 2020, the Court established the following pre-trial deadlines:

| Pretrial Statements | December 15, 2020 |
| --- | --- |
| LR 16.2(d) Objections | December 29, 2020 |

The parties have agreed on a proposed scheduling order for the *Barron* trial for mutual exchanges of certain pretrial materials as well as other proposed deadlines regarding motions *in limine*, exhibit and witness lists, jury questionnaires, jury instructions, deposition designations and objections, and pretrial statements for the Court's consideration. The parties may propose earlier deadlines for some items than those currently ordered by this Court.

### III. Pending *Daubert* Motions

#### A. Plaintiffs' Motions to Exclude or Limit Defendants' Non-Regulatory Experts in *Barron*

The following *Daubert* motions seeking to exclude or limit Defendants' non-regulatory experts were filed by Plaintiffs and have been fully briefed. The Court has indicated that it will advise the parties if hearings will be necessary in connection with those motions. (July 21, 2020 Procedural Order, MDL Dkt. 1215 at 2, *Barron* Dkt. 134 at 2.)

1. Plaintiffs' Motion to Exclude the Testimony and Opinions of Stephen Spiegelberg, Ph.D. (*Barron* Dkt. 88);

2. Plaintiffs' Motion to Exclude the Opinions and Testimony of Defendant's Expert Steven R. Little, Ph.D. (*Barron* Dkt. 89);

3. Plaintiffs' Motion to Exclude the Opinions, Testimony and Report of Defense Expert Howard L. Beaton, M.D., FACS (*Barron* Dkts. 90, 91); and

4. Plaintiffs' Motion to Exclude the Testimony and Opinions of Richard Jacobs, M.D., Ph.D. (*Barron* Dkt. 103).

**B.    Defendants' Motions to Exclude or Limit Plaintiffs' Non-Regulatory Experts in *Barron***

The following *Daubert* motions seeking to exclude or limit Plaintiffs' non-regulatory experts were filed by Defendants and have been fully briefed. The Court has indicated that it will advise the parties if hearings will be necessary in connection with those motions. (July 21, 2020 Procedural Order, MDL Dkt. 1215 at 2, *Barron* Dkt. 134 at 2.)

1. Defendants' Motion to Exclude Certain Opinions and Testimony of Howard Langstein, M.D. (*Barron* Dkts. 92, 93);

2. Defendants' Motion to Exclude Certain Opinions and Testimony of Scott Guelcher, Ph.D. (*Barron* Dkts. 96, 97);

3. Defendants' Motion to Exclude Certain Opinions and Testimony of Prof. Dr. Med. Uwe Klinge (*Barron* Dkts. 98, 99); and

4. Defendants' Motion to Exclude Certain Opinions and Testimony of Russell F. Dunn, Ph.D. (*Barron* Dkts. 100, 101).

**C.    Motions to Exclude or Limit Regulatory Experts in *Barron*; Plaintiffs' Motion in Limine to Exclude Evidence Relating to the 510(k) Process**

The following *Daubert* motions filed by both sides against the other side's regulatory expert have been fully briefed. In addition, on August 14, 2020, Plaintiffs filed a Motion in Limine to Exclude Evidence Relating to the United States Food and Drug Administration ("FDA") 510(k) Clearance Process. That motion has also been fully briefed. The Court has indicated that it will consider the *Daubert* motions at the same time as the motion in limine. (July 21, 2020 Procedural Order, MDL Dkt. 1215 at 2, *Barron* Dkt. 134 at 2.)

1. Plaintiffs' Motion to Exclude Testimony, Opinions, and Report of Defendant's Expert Timothy Ulatowski (*Barron* Dkt. 131);

2. Defendants' Motion to Exclude Certain Opinions and Testimony of Peggy Pence, Ph.D. (*Barron* Dkt. 132, 133); and

3. Plaintiffs' Motion in Limine to Exclude Evidence Relating to the United States Food and Drug Administration ("FDA") 510(K) Clearance Process. (*Barron* Dkt. 147.)

**D.    Plaintiffs' Motions to Exclude or Limit Defendants' Non-Regulatory Experts in *Luna***

The following *Daubert* motions seeking to exclude or limit Defendants' non-regulatory experts were filed by Plaintiffs. Defendants have responded and replies are due November 11, 2020. The Court has indicated that it will advise the parties if hearings will be necessary in connection with those motions. (July 21, 2020 Procedural Order, MDL Dkt. 1215 at 2.)

1. Plaintiffs' Motion to Exclude the Testimony and Opinions of Stephen Spiegelberg, Ph.D. (*Luna* Dkt. 213);

2. Plaintiffs' Motion to Exclude the Opinions and Testimony of Defendant's Expert Steven R. Little, Ph.D. (*Luna* Dkt. 212);

3. Plaintiffs' Motion to Exclude the Opinions, Testimony and Report of Defense Expert David Brooks, M.D. (*Luna* Dkt. 210); and

4. Plaintiffs' Motion to Exclude the Testimony and Opinions of Richard Jacobs, M.D., Ph.D. (*Luna* Dkt. 211).

**E.    Defendants' Motions to Exclude or Limit Plaintiffs' Non-Regulatory Experts in *Luna***

The following *Daubert* motions seeking to exclude or limit Plaintiffs' non-regulatory experts were filed by Defendants. Plaintiffs have responded and replies are due November 11, 2020. The Court has indicated that it will advise the parties if hearings will be necessary in connection with those motions. (July 21, 2020 Procedural Order, MDL Dkt. 1215 at 2.)

1. Defendants' Motion to Exclude Certain Opinions and Testimony of Howard Langstein, M.D. (*Luna* Dkts. 215, 216);

2. Defendants' Motion to Exclude Certain Opinions and Testimony of Scott Guelcher, Ph.D. (*Luna* Dkts. 221, 222);

3. Defendants' Motion to Exclude Certain Opinions and Testimony of Prof. Dr. Med. Uwe Klinge (*Luna* Dkts. 223, 224); and

4. Defendants' Motion to Exclude Certain Opinions and Testimony of Russell F. Dunn, Ph.D. (*Luna* Dkts. 218, 220).

### F. Motions to Exclude or Limit Regulatory Experts in *Luna*; Plaintiffs' Motion in Limine to Exclude Evidence Relating to the 510(k) Process

The following *Daubert* motions were filed by both sides against the other side's regulatory expert. Each side has responded and replies are due November 11, 2020. In addition, on August 14, 2020, Plaintiffs filed a Motion in Limine to Exclude Evidence Relating to the United States Food and Drug Administration ("FDA") 510(k) Clearance Process. That motion has been fully briefed. The Court has indicated that it will consider the *Daubert* motions at the same time as the motion in limine. (July 21, 2020 Procedural Order, MDL Dkt. 1215 at 2.)

1. Plaintiffs' Motion to Exclude Testimony, Opinions, and Report of Defendant's Expert Timothy Ulatowski (*Luna* Dkt. 214);

2. Defendants' Motion to Exclude Certain Opinions and Testimony of Peggy Pence, Ph.D. (*Luna* Dkt. 225, 226); and

3. Plaintiffs' Motion in Limine to Exclude Evidence Relating to the United States Food and Drug Administration ("FDA") 510(K) Clearance Process. (*Luna* Dkt. 202.)

## IV. Pending Dispositive Motions

1. Defendants' Motion for Summary Judgment in *Barron* (*Barron* Dkts. 94, 95). This motion has been fully briefed.

2. Plaintiffs' Motion to Strike Affirmative Defenses to Long Form Complaints of Bellwether Plaintiffs, or Alternately, for Partial Summary Judgment (MDL Dkt. 1206). This motion has been fully briefed.

3. Defendants' Motion for Summary Judgement in *Luna* (Luna Dkts. 217, 218). The parties have stipulated to an extension of Plaintiffs' opposition until November 11, 2020, with Defendants' reply due on December 2, 2020.

## V. Other Pending Matters for Resolution

1. *Hickinbottom* Bill of Costs

Defendants submitted their bill of cost in *Hickinbottom*, 17-cv-00713, on September 11, 2020. Plaintiffs responded on September 24, 2020. (*Hickinbottom* Dkts. 109 & 110.)

2. *Tremaine Hawkins v. Atrium Medical Corporation*, 19-cv-00364.

By order dated November 25, 2019 (*Hawkins* Dkt. 6), this Court ordered the Plaintiff to have his new attorney file an appearance or to file a *pro se* appearance by December 30, 2019. The Court's order stated: "If no appearance is filed by an attorney or you do not file an appearance to proceed *pro se* by Monday, December 30, 2019, the cause may be dismissed for failure to prosecute your claims." (*Hawkins* Dkt. 6 at 1.) Plaintiff has not filed either an attorney or a pro se appearance, and therefore, this case can be dismissed.

## VI. Outstanding Depositions

### A. Fact Witness Depositions

The parties agreed to reserve depositions of family members (other than spouses who are making claims) until such time as they are designated as trial witnesses.

Plaintiffs and Defendants have been conferring on a rolling basis regarding the dates for depositions of sales representatives in *Barron* and *Luna*. In the event that those discussions reach an impasse, the parties may seek guidance from the Court. The parties have agreed to a deposition of a sales representative in *Shumaker* for November 12, 2020.

### B. Expert Depositions

Dr. Christine Knabe, an expert pathologist disclosed by plaintiffs in the *Hicks* case, was deposed on October 16, 2020. On October 23, 2020, Defendants timely served a responsive report from their expert pathologist, Stephen F. Badylak, D.V.M., Ph.D., M.D. On November 2, 2020, Plaintiffs noticed the deposition of Dr. Badylak for November 20, 2020; however, Defendants have not agreed to this date or to the scope of the deposition, as set out in the notice. The parties will continue to confer regarding this issue.

## VII. Alternative Dispute Resolution

The parties have engaged in good faith and productive dialogue and thus agreed it would help the parties' process to adjourn mediation at this time and to reschedule if it became necessary.

## VIII. Outstanding Meet and Confer Issues

The parties continue to meet and confer regarding various other matters, but none has reached an impasse requiring court intervention.

Dated: November 5, 2020					Respectfully submitted,

									*/s/ Paul LaFata*
									Mark S. Cheffo
									Katherine Armstrong
									Paul LaFata
									**DECHERT LLP**
									Three Bryant Park
									1095 Sixth Avenue
									New York, New York 10036
									Tel: (212) 698-3500
									Fax: (212) 698-3599
									mark.cheffo@dechert.com
									katherine.armstrong@dechert.com
									paul.lafata@dechert.com

									Pierre A. Chabot – NHBA # 17606
									**WADLEIGH, STARR & PETERS, PLLC**
									95 Market Street
									Manchester, NH 03101
									Tel: (603) 669-4140
									pchabot@wadleighlaw.com

									*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2020, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to all counsel of record.

*/s/ Paul LaFata*
Paul LaFata