UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Carrie Lee Barron and
Nicholas Barron

    v.                                      Civil No. 17-cv-742-LM

Atrium Medical Corporation,
Maquet Cardiovascular US
Sales, LLC, and Getinge AB


In re: Atrium Medical Corp.
C-QUR Mesh Products Liability         MDL No. 16-md-2753-LM
Litigation (MDL No. 2753)


**PROCEDURAL ORDER**

On November 19, 2020, the court held oral argument via video on plaintiffs' Daubert motions to exclude or limit the testimony of defendants' non-regulatory experts (doc. nos. 88, 89, 90, 103). Also addressed at the hearing was defendants' Daubert motion to exclude or limit the testimony of plaintiffs' expert Russell F. Dunn, Ph.D. (doc. no. 100). The court issued its rulings orally on the record during the hearing. What follows is a summary of the parties' stipulations, the court's rulings, and other matters discussed at the hearing.

I.     Stipulations and Withdrawals

Prior to the hearing, plaintiffs offered three stipulations, each subject to the court's approval. See doc. no. 162. First, plaintiffs stipulated to withdrawal, in their entirety, of their motions to exclude opinions and testimony of Howard L.

Beaton, M.D., and of Richard Jacobs, M.D., Ph.D. (doc. nos. 90, 103). Second, plaintiffs stipulated to withdrawal of their motion to exclude opinions and testimony of Stephen Spiegelberg, Ph.D. (doc. no. 88), other than as to plaintiffs' challenges to his "testimony and opinions on the reasons, motive and intent behind LyondellBasell's medical implant prohibition." Third, plaintiffs stipulated to withdrawal of their motion to exclude opinions and testimony of Steven R. Little, Ph.D. (doc. no. 89), again other than as to plaintiffs' challenge to his "testimony and opinions on the reasons, motive and intent behind LyondellBasell's medical implant prohibition."

The court approves all three stipulations. Accordingly, plaintiffs' motions to exclude opinions and testimony of Howard L. Beaton, M.D., and of Richard Jacobs, M.D., Ph.D. (doc. nos. 90, 103) are withdrawn in their entirety, and plaintiffs' motions to exclude opinions and testimony of Stephen Spiegelberg, Ph.D., and of Steven R. Little, Ph.D. (doc nos. 88, 89) are withdrawn except as to plaintiffs' respective challenges to Spiegelberg's and Little's proffered testimony regarding polypropylene manufacturer LyondellBasell's reasons, motives, and intentions.

At the hearing, plaintiffs further stipulated on the record that their expert Russell F. Dunn, Ph.D., would not opine as to (i) post-implantation clinical consequences of the oxidative degradation of a polypropylene component of a medical device or (ii) any defects in the design of Atrium's surgical mesh product. The parties also entered into an agreement about what types of questioning of Dunn would or would not elicit an "opening the door" objection from counsel. On the basis

of those stipulations, defendants agreed to withdraw their motion to exclude certain opinions and testimony of Russell F. Dunn, Ph,D. (doc. no. 100). That motion is therefore withdrawn.

II.     Plaintiffs' Motion to Exclude Opinions and Testimony of Stephen Spiegelberg, Ph.D. (Doc. No. 88) and Motion to Exclude Opinions and Testimony of Steven R. Little, Ph.D. (Doc. No. 89)

The court granted plaintiffs' motions to exclude opinions and testimony of Stephen Spiegelberg, Ph.D., and of Steven R. Little, Ph.D. (doc nos. 88, 89) on the record, to the extent not voluntarily withdrawn as set forth above. Accordingly, all opinion testimony of Spiegelberg and of Little regarding any polypropylene manufacturer's purported reasons or motives for warning against use of polypropylene in medical devices will be excluded.

III.    Hearing to Discuss Trial Logistics, Protocols, and Procedures

At the hearing, the court and the parties conducted preliminary discussion of logistics, protocols, and procedures for conducting pre-trial and trial proceedings safely during the COVID-19 pandemic. A hearing will be scheduled for further discussion of these matters, including jury questionnaires, presentation of witness testimony and exhibits, jury selection, and other related issues.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

November 20, 2020
cc: Counsel of Record.