UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| IN RE:<br><br>ATRIUM MEDICAL CORP. C-QUR MESH PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) MDL NO. 2753<br><br>MDL Docket No.<br>1:16-md-02753-LM<br><br>ALL CASES |

### MEMORANDUM IN SUPPORT OF MOTION TO SHOW CAUSE

Now comes the Plaintiffs' Executive Committee ("PEC") in the above captioned litigation and seeks an Order for all individual plaintiffs who have failed to respond with their intent to participate in or decline the MDL Global Resolution. This motion is made with the consent of Defendant Atrium Medical Corporation ("Atrium"). All Plaintiffs' Counsel in this MDL have been asked to indicate whether any claimants have been (a) unresponsive; (b) have failed to return a settlement package; (c) have not tagged the claims file as "Deceased - Awaiting PR" or "Firm Lost Contact with Claimant"; or (d) have failed to advise that the offer is rejected.

On December 20, 2021, this Court entered a stay of these proceedings (Doc. No. 1300 & Dec. 20, 2021 Endorsed Order) in addition to four unopposed motions to establish the global settlement process. Over the course of the last nine months, Plaintiff's Lead Counsel and the PEC have conducted numerous informational sessions for all Plaintiffs' Counsel in addition to the special informational hearing hosted by the Court on March 17, 2022. To date, over 90% of Plaintiffs have opted to participate in the settlement process. However, there are a limited number of Plaintiffs and law firms who have failed to submit any documentation indicating whether or not they will participate in this global settlement process. Despite numerous attempts to communicate with these firms, they have failed to produce any documentation or

communication regarding the intent of their clients to participate in the settlement. As a consequence, Plaintiffs' Leadership has had to seek multiple extensions of the participation deadline from Atrium. However, with the participation deadline quickly approaching, the PEC believes that steps are needed to address those Plaintiffs who have heretofore been unresponsive and to obtain (1) such Plaintiffs' response to the proposed settlement or (2) the dismissal of those Plaintiffs who are unable to respond or proceed with their lawsuits because they have not maintained contact with their counsel.

WHEREFORE Plaintiffs' Leadership respectfully requests an order to be entered requiring individual Plaintiffs:

1. To submit to Plaintiffs' Leadership via the Crosslink Platform or Crosslinksupport@rubris.com any of the following within 14 days of the date of this Order (the "Show Cause Period"):

    a. An executed release and claims package;

    b. An executed intent to resolve for Plaintiffs who are in bankruptcy;

    c. An indication that the Plaintiff is deceased and a personal representative of the estate is in the process of being appointed;

    d. An indication that the Plaintiff is unresponsive;

    e. An indication that the law firm has lost contact with the Plaintiff;

    f. An indication that the Plaintiff's claim has been withdrawn via dismissal; or

    g. An indication that the Plaintiff has reviewed the offer to participate and has elected to reject the offer to join the Global Settlement Program.

2. For any Plaintiff where the Plaintiff's Counsel has previously indicated or indicates during this Show Cause Period that the Plaintiff is unresponsive to outreach efforts of

the firm or that the individual has lost contact with counsel, the Court, on motion by Plaintiff's Counsel or Atrium filed on the individual case docket, shall dismiss the case without prejudice for a period of 90 days. Under this Order, if individual Plaintiff's Counsel retains a private investigator to locate additional contact information for a plaintiff in addition to utilizing all known contact information for plaintiff, and known relatives, and has exhausted all attempts to reach that plaintiff including multiple phone calls, emails, and paper mailings, then Plaintiffs' Counsel shall not be required to undertake notice by publication.

3. If, however, Plaintiff files a motion to reactivate their case within 90 days, the Case shall be reactivated to the active docket. Any such motion shall be filed on the individual case docket. At the end of the 90 day period, the dismissal will be with prejudice.

4. Alternatively, a Plaintiff may reactivate their case by motion to the Court with good cause shown as to why the plaintiff was in non-compliance with this Show Cause Order and failed to communicate with their counsel. Any such motion shall be filed on the individual case docket.

5. A case dismissed under sections 1-4 of this Case Management Order shall also serve as an Order of Plaintiff's Counsel's withdrawal of representation of that Plaintiff and Plaintiff's Counsel shall have no further duties to that plaintiff. Moreover, a dismissal under sections 1-4 of this Order shall be without fees or costs.

6. For any case where the Plaintiff's Counsel fails to respond to this Show Cause Order during the Show Cause Period, the Case shall be subject to immediate dismissal with prejudice on motion by Atrium filed on the individual case docket. Defendants shall

have the right to seek fees and costs, as otherwise allowed by law, for any case subject to dismissal under this paragraph.

By the signature of its counsel below, Atrium joins in the request for relief sought by the PEC's motion.

Plaintiffs' Executive Committee, jointly with Atrium Medical Corporation, appreciates the Court's consideration of this Motion for Show Cause.

          Respectfully submitted,

**UPTON & HATFIELD, LLP**
By: */s/ Russell F. Hilliard*
Russell F. Hilliard
NHBA #1159
159 Middle Street Portsmouth, NH 03801
(603) 436-7046
rhilliard@uptonhatfield.com

**MOTLEY RICE LLC**
By: */s/ Jonathan D. Orent*
Jonathan D. Orent
55 Cedar Street, Suite 100
Providence, RI 02903
(401) 457-7723
(401) 457-7708 (fax)
jorent@motleyrice.com

**DICKERSON OXTON**
By: */s/ Adam M. Evans*
Adam M. Evans
1200 Main St. #2120
Kansas City, MO 64105
(816) 368-5637
(816) 268-1965 (fax)
adam@dickersonoxton.com

**BAILEY & GLASSER, LLP**
By: /s/ D. Todd Mathews
1337 Park Plaza Drive, Suite 2
O'Fallon, IL 62269
(314) 863-5446
(314) 863-5483 (fax)
Tmathews@baileyglasser.com

**HOLMAN SCHIAVONE, LLC**
By: /s/ Anne Schiavone
Anne Schiavone
4600 Madison Avenue, Suite 810
Kansas City, MO 64112
(816) 283-8738
(816) 283-8739 (fax)
aschiavone@hslawllc.com

**BAILEY & GLASSER, LLP**
By: /s/ David L. Selby, II
David L. Selby, II
3000 Riverchase Galleria, Suite 905
Birmingham, AL 35244
(205) 988-9253
dselby@baileyglasser.com
*Attorneys for Plaintiffs*

**DECHERT LLP**
By: Mark. S. Cheffo
Mark S. Cheffo
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3500
(212) 698-3599 (fax)
mark.cheffo@dechert.com

**DEVINE MILLIMET & BRANCH, P.A.**
Pierre A. Chabot
111 Amherst Street
Manchester, NH  03101
(603) 669-1000
pchabot@devinemillimet.com
*Attorneys for Defendant*
*Atrium Medical Corporation*